UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-46-M

ACCREDITATION COMMISSION FOR
HEALTH CARE, INC.,

    Plaintiff,

v.

NEXTLOGIK, INC.,

    Defendant.

**ORDER**

This matter is before the Court on "Plaintiff's Consent Motion to Seal Certain Information in its First Amended Complaint" [DE-18 (the "Motion")]. Having reviewed the Motion, the Court finds that Accreditation Commission for Health Care, Inc. ("ACHC" or "Plaintiff") has established that sealing is warranted and therefore GRANTS the Motion. Specifically:

1.     ACHC has filed a First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). [DE-17.] To support ACHC's claims, the First Amended Complaint contains confidential and proprietary business information concerning ACHC's accreditation and business operations and describes the confidential functionality of the software at issue in this case, as well as sensitive information about its implementation.

2.     ACHC filed this Motion on May 8, 2020. Thus, the public received notice of the request to seal and has had a reasonable opportunity to object. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

3.     ACHC filed both an unredacted version of the First Amended Complaint under seal [DE-17], pursuant to Local Civil Rule 79.2, and a redacted version of the First Amended Complaint on the public docket [DE-19].

4. "[T]he common law presumes a right to access *all* judicial records and documents." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted). By contrast, "the First Amendment provides a right of access only to *particular* judicial records and documents." *Id.* (citation omitted). The common law's "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Under the First Amendment, on the other hand, "the Court may grant the parties' motion to seal 'only upon a showing of a compelling interest, and only if the sealing is narrowly tailored to serve that interest.'" *Volvo Grp. N. Am., LLC v. Forja de Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 6307540, at *1 (M.D.N.C. Nov. 25, 2019) (citations omitted).

5. This Court assumes without deciding that only the common law protection applies to an amended complaint. *See U.S. Tobacco Inc. v. Big S. Wholesale of Virginia, LLC*, No. 5:13-CV-527-F, 2013 WL 6145549, at *3 (E.D.N.C. Nov. 21, 2013) ("Cases from within the Fourth Circuit indicate that only the common law right of access, as opposed to the First Amendment right of access, attaches to a complaint." (citing *Am. Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 662 (E.D. Va. 2009))); *P&L Dev. LLC v. Bionpharma Inc.*, No. 1:17CV1154, 2019 WL 2079830, at *2 (M.D.N.C. May 10, 2019) (Only "[t]he common law right of access applies to a complaint." (citation omitted)); *but see Courthouse News Serv. v. Schaefer*, No. 2:18-CV-391, 2020 WL 863516, at *16 (E.D. Va. Feb. 21, 2020), *appeal docketed,* 20-1386 (4th Cir. Apr. 2, 2020). But, regardless of whether the First Amendment guarantee of access also applies, Plaintiff has met its burden. "[T]he court need not determine whether the First Amendment or common law presumption of access applies, as the parties' arguments are sufficient to overcome even the more

2

Case 5:20-cv-00046-M   Document 24   Filed 05/19/20   Page 2 of 3

stringent standard." *360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016).

6. "Generally speaking, the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents." *Id.* (citation omitted). Here, Plaintiff has demonstrated that the First Amended Complaint contains confidential and proprietary business information regarding Plaintiff's contract with Defendant NextLOGiK, Inc. and Plaintiff's business functions and advantages, which are of the utmost importance to Plaintiff, but not generally available or bearing importance to the general public. *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011); *Lord Corp. v. S & B Technical Prod., Inc.*, No. 5:09–CV–205–D, 2012 WL 4056755, at *1 (E.D.N.C. Sept. 14, 2012).

7. The Court is also obligated to consider less drastic alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d at 235. The public has access to all non-confidential information contained in Plaintiff's First Amended Complaint because Plaintiff has also filed an appropriately redacted version of the document [DE-19]. The Court finds that the limited redactions therein are narrowly tailored to protect Plaintiff's proprietary business information while also providing public access to the complaint.

It is therefore ORDERED that Plaintiff's Motion [DE-18] is GRANTED. The Clerk is DIRECTED to permanently seal DE-17.

SO ORDERED. This the 19th day of May, 2020.

*Richard E. Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE