UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLNIA
WESTERN DIVISION
Case No. 5:20-cv-46-M

ACCREDITATION COMMISSION FOR
HEALTH CARE, INC.,

                              Plaintiff,

v.

NEXTLOGIK, INC.,

                              Defendant.

**ORDER**

This matter is before the Court on NextLOGiK, Inc.'s ("Defendant") "Motion to File License Agreement [D.E. 12-1] Attached to Memorandum in Suppo[r]t of Motion to Dismiss or Change Venue [D.E. 12] Under Seal" [DE-14 (the "Motion")]. Defendant, with consent of Plaintiff, seeks to seal the memorandum in support [DE-12 (the "Memorandum")] of its motion to dismiss or transfer venue [DE-11] and the exhibit attached thereto [DE-12-1 (the "Agreement")] because they contain confidential and sensitive business information. Having reviewed the Motion, the Court finds that Defendant has established that sealing the Agreement and Memorandum is warranted and therefore GRANTS the Motion. Specifically:

1.    Defendant filed its Memorandum [DE-12] and the Agreement [DE-12-1] in connection with its motion to dismiss or transfer venue [DE-11] on April 20, 2020. The Memorandum and Agreement identify confidential and proprietary business information. Such information includes the bargained-for value the Accreditation Commission for Health Care, Inc. ("ACHC" or "Plaintiff") agreed to pay Defendant pursuant to the Agreement, proprietary information concerning ACHC's accreditation and business operations, and information

concerning the software at issue in this action, including detailed, confidential descriptions of its functionality.

2. NextLOGiK filed the instant Motion on April 27, 2020. Thus, the public received notice of the request to seal and has had a reasonable opportunity to object. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

3. "[T]he common law presumes a right to access *all* judicial records and documents." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted). By contrast, "the First Amendment provides a right of access only to *particular* judicial records and documents." *Id.* (citation omitted). The common law's "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Under the First Amendment, on the other hand, "the Court may grant the parties' motion to seal 'only upon a showing of a compelling interest, and only if the sealing is narrowly tailored to serve that interest.'" *Volvo Grp. N. Am., LLC v. Forja de Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 6307540, at *1 (M.D.N.C. Nov. 25, 2019) (citations omitted).

4. Documents filed and properly considered by the Court in connection with a motion to dismiss are subject to the more stringent First Amendment protection. *See e.g.*, *Taylor v. Kellog Brown & Root Servs., Inc.*, No. 2:09cv341, 2009 WL 10689733, at *2 (E.D. Va. Dec. 18, 2009) ("Because dispositive motions 'serve[] as a substitute for trial,' they are subject to 'the more rigorous First Amendment standard.'" (quoting *Rushford*, 846 F.2d at 252-53)); *Marks v. Licul*, No. DKC-13-0347, 2013 WL 6014026, at *7 (D. Md. Nov. 7, 2013) ("As these exhibits were properly part of a dispositive motion, they are subject to the more rigorous First Amendment right of access." (citation omitted)); *In re Marriot*, PWG-10-2879, 2019 WL

4855202, at *3 (D. Md. Aug. 30, 2019) ("I find that the First Amendment right of access attaches to the judicial records that Plaintiff seeks to unseal"); *Louisiana Pac. Corp. v. Akzo Nobel Coatings, Inc.*, No. 1:12CV625, 2013 WL 249609, at *2 (M.D.N.C. Jan. 23, 2013) (applying First Amendment to affidavit and exhibits filed in opposition motion to dismiss and stating that the "more rigorous First Amendment standard applies to documents related to dispositive motions." (citation omitted)); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011) ("The foregoing eight exhibits thus are subject to the right of access granted by the First Amendment, because they were filed in connection with a motion to dismiss."); *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 12314517, at *1 (W.D. Va. Aug. 7, 2013) ("Here, the exhibit Hanwha seeks to redact is being relied upon by Zodiac in seeking the dispositive relief of dismissal of Hanwha's claims. As such, it is subject to the First Amendment right of access." (citation omitted)); *but see U.S. ex rel. Carter v. Halliburton Co.*, No. 1:11cv602 (JCC/JFA), 2011 WL 8204612, at *2 (E.D. Va. Nov. 29, 2011) (applying only common law presumption). Accordingly, the Court applies the First Amendment protection to the Memorandum.

5. The Agreement, in contrast, will play no role in the Court's adjudication of the motion to dismiss. Instead, it is relevant only to the motion to transfer portion of Defendant's motion to dismiss or transfer venue. While the Court is unable to find a Fourth Circuit case squarely on point, courts within our Circuit have consistently held that the First Amendment does not attach to non-dispositive civil motions, like the motion to transfer here. *See e.g.*, *Universal Underwriters Ins. Co. v. Lallier*, No. 7:17-CV-30-D, 2019 WL 1085180, at *1 (E.D.N.C. Mar. 6, 2019) ("Here, the exhibits relate to a motion for a protective order, and not a motion that seeks dispositive relief. Therefore, the right of access at issue arises under the

common law." (citation omitted)); *Covington v. Semones*, No. 7:06 CV 00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) (motion to quash) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."); *BASF Plant Science, LP v. Commonwealth Scientific and Industrial Res. Org.*, No. 2:17-CV-503-HCM, 2020 WL 973751, at *14 n.22 (E.D. Va. Feb. 7, 2020) ("In the Fourth Circuit, the First Amendment right does not attach to pre-trial, non-dispositive civil proceedings, such as discovery matters." (citation omitted)); *Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 416CV00187MSDLRL, 2018 WL 10562400, at *1 (E.D. Va. Jan. 17, 2018) ("The documents for which sealing is requested here were not filed in support of a dispositive motion and are subject to the common law standard."); *but see Rensselaer Polytechnic Institute v. Amazon.com, Inc.*, No. 1:18-cv-00549 (BKS/CFH), 2019 WL 2918026, at *3 (N.D.N.Y. June 18, 2019) ("[T]hey are judicial documents that trigger the common law and First Amendment rights to public access."). This Court assumes without deciding that only the common law protection applies to documents filed in connection with a motion to transfer venue. But, regardless of whether the First Amendment presumption of access also applies, Defendant has met its burden. "[T]he court need not determine whether the First Amendment or common law presumption of access applies, as the parties' arguments are sufficient to overcome even the more stringent standard." *360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016).

6. NextLOGiK's request to seal overcomes both the First Amendment and common law presumptions of access because the filed materials contain confidential and proprietary business information. Sealing nonpublic, confidential business information is appropriate, when, as in this case, the interest of protecting the disclosure of the confidential business information is

4

compelling and outweighs any public interest in disclosing such information. *See, e.g., id.* ("Generally speaking, the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents." (citation omitted)); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011); *Hanwha Azdel, Inc.*, 2013 WL 12314517, at *2 ("Hanwha has demonstrated that the proposed redactions contain confidential and proprietary commercial information, including information related to highly sensitive pricing and payment terms as well as product specifications, which is of great importance to Hanwha but is not generally available to the public"); *Big Rock Sports, LLC v. AcuSport Corp.*, No. 4:08-CV-00159-F, 2011 WL 1213071, at *2 (E.D.N.C. Mar. 31, 2011).

7. The Court is also obligated to consider less drastic alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d at 235. The public has access to all non-confidential information contained in Defendant's Memorandum and Agreement because Defendant has filed appropriately redacted versions of the same. [DE-15-1.] The Court finds that the limited redactions therein are narrowly tailored to protect Defendant's proprietary business information while also providing public access to the judicial documents.

It is therefore ORDERED that Defendant's Motion [DE-14] is GRANTED. The Clerk is DIRECTED to seal DE-12 and to permanently seal DE-12-1. Defendant shall have ten (10) days from the date of this Order to file the redacted Memorandum and Agreement [DE-15-1] as a separate docket entry.

SO ORDERED. This the 19th day of May, 2020

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

5