UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-46-M

ACCREDITATION COMMISSION
FOR HEALTH CARE, INC.,

    Plaintiff,

v.

NEXTLOGIK, INC.,

    Defendant.

**ORDER**

This matter comes before the Court on "Plaintiff's Consent Motion to Seal Certain Information in Plaintiff's Memorandum Opposing Dismissal or Transfer and Accompanying Declaration" [DE-47 (the "Motion")]. Accreditation Commission for Health Care, Inc. ("Plaintiff" or "ACHC"), with consent of NextLOGiK, Inc. ("Defendant"), seeks to seal its memorandum in opposition to Defendant's motion to dismiss or transfer venue [DE-45] and accompanying declaration [DE-46] because they contain confidential and sensitive business and medical information. Plaintiff has also filed narrowly redacted versions of the same documents on the public docket. [DE-49; DE-50.] Having reviewed the Motion, the Court finds that Plaintiff has established that sealing the memorandum and accompanying declaration is warranted and therefore GRANTS the Motion. Specifically:

1. Plaintiff filed this Motion on July 24, 2020. Thus, the public received notice of the request to seal and has had a reasonable opportunity to object. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

2. "[T]he common law presumes a right to access *all* judicial records and documents." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290

(4th Cir. 2013) (citations omitted). By contrast, "the First Amendment provides a right of access only to *particular* judicial records and documents." *Id.* (citation omitted). The common law's "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Under the First Amendment, on the other hand, "the Court may grant the parties' motion to seal 'only upon a showing of a compelling interest, and only if the sealing is narrowly tailored to serve that interest.'" *Volvo Grp. N. Am., LLC v. Forja de Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 6307540, at *1 (M.D.N.C. Nov. 25, 2019) (citations omitted).

3. Even assuming the First Amendment and its more stringent standard applies to both the memorandum and declaration, Plaintiff has established that sealing is warranted. *See 360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) ("[T]he court need not determine whether the First Amendment or common law presumption of access applies, as the parties' arguments are sufficient to overcome even the more stringent standard.").

4. The business information Plaintiff seeks to seal is the same or substantially similar to information the Court previously sealed [DE-39; DE-25] in connection with Defendant's motion to dismiss or transfer venue [DE-38] and Defendant's prior motion to dismiss or transfer venue [DE-12]. Because the public received notice of the request to seal, has had a reasonable opportunity to object, and for substantially the same reasons as in the Court's previous orders [DE-39; DE-25], the Court will permanently seal the confidential business information.

5. Under the First Amendment standard for sealing information, "[i]f the request is narrowly tailored, sensitive medical information may be sealed." *Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014) (per curiam). Courts within this Circuit regularly seal narrowly tailored medical information

2

under this standard, and the Court will seal the employee medical information here. *See, e.g.*, *Bell*, 2013 WL 3157569, at *9 (sealing information in the summary judgment record related to medical conditions); *Swindell v. CACI NSS, Inc.*, No. 5:17-CV-00617-D, 2020 WL 698267, at *9 (E.D.N.C. Feb. 10, 2020) (sealing "personal medical information"); *Boone v. Bd. of Governors of Univ. of N. Carolina*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019) (sealing records of "[p]laintiff's medical visits or medication or treatment history" filed in connection with a summary judgment motion); *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 n.1 (D. Md. 2005) (sealing plaintiff's disability claim filed in connection with a summary judgment motion), *aff'd*, 205 F. App'x 183 (4th Cir. 2006) (per curiam).

6. The Court is obligated to consider less drastic alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d at 235. The public has access to all non-confidential information contained in ACHC's opposition and accompanying declaration because ACHC has filed appropriately redacted versions of the documents. [DE-49; DE-50.] The Court finds that the limited redactions therein are narrowly tailored to protect Plaintiff's proprietary business information and its employee's medical information while also providing public access to the memorandum and accompanying declaration.

IT IS THEREFORE ORDERED that "Plaintiff's Consent Motion to Seal Certain Information in Plaintiff's Memorandum Opposing Dismissal or Transfer and Accompanying Declaration" [DE-47] is GRANTED. The Clerk is directed to permanently seal DE-45 and DE-46.

SO ORDERED, this the 6th day of August, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

3